UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

BECKY R. PRATER, )
)
      Plaintiff, )
)
v. ) 4:05-CV-7
) (JARVIS/GUYTON)
)
JO ANNE B. BARNHART, )
Commissioner )
of Social Security, )
)
      Defendant. )

# REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's judgment[1] on the administrative record [Doc. 15] and the defendant's motion for summary judgment. [Doc. 18]. Plaintiff Becky R. Prater seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

    1.    The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December of 2006.

---

[1]This is treated as a motion by the plaintiff. [Doc. 15].

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's back pain, status post ependymoma removal from the spinal cord is a "severe" impairment, based upon the requirements in the Regulations (20 C.F.R. §§ 404.1520 and 416.920).

4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: full range of light work.

7. The claimant's past relevant work as a waitress did not require the performance of work-related activities precluded by her residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).

8. The claimant's medically determinable back pain, status post ependymoma removal from the spinal cord does not prevent her from performing her past relevant work.

9. The claimant is not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

(Tr. 23-24).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. See Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

Plaintiff, who notes that she has not worked since 2000 when she worked as a waitress, contends that the ALJ "based his findings on facts not supported by the record as a whole." She lists her medical history as follows: Ms. Rumage diagnosed her with bipolar disorder in July 2001; in July 2000 Dr. Arms gave her a TENS unit for pain management of her scoliosis (Tr. 126); and Dr. Fisher saw her once in February 2002 for a consultative examination in which plaintiff contends he concurred with Ms. Rumage's diagnosis of bipolar disorder and Dr. Arms' diagnosis of scoliosis, noted that she had a history of chronic back pain and was recovering from a recent back surgery for removal of a tumor from her spinal column, noted that she had a loss of range of motion in her lumbar spine and assumed that it was due to the surgery as opposed to her entire medical history. (Tr. 191).

Additionally, plaintiff notes that Ms. Matthews, a licensed psychological examiner, examined her and observed that she walked as if in pain, that she was extremely slow getting up and

3

down from a seated position, that she fidgeted throughout the assessment because of her pain, and that she was in a depressed mood. (Tr. 194). Plaintiff maintains that Ms. Matthews' conclusions that she has average intelligence are not supported because she did not administer a formal IQ test. In addition, plaintiff points out that on November 29, 2001, her Global Assessment of Functioning ("GAF") score was 60 and that her highest GAF in the past year was 65. (Tr. 147, 194). The plaintiff further notes that although Ms. Matthews agreed with the diagnosis of Ms. Rumage, Ms. Matthews concluded that plaintiff's psychological problems would not interfere with her ability to work. Plaintiff argues that Ms. Rumage was in a better position to determine her mental condition and her work-related limitations because she had followed the plaintiff's mental condition for a lengthy period of time. Finally, plaintiff insists that she "has documented manic spells that would prevent her from maintaining any type of employment."

The Commissioner maintains that although plaintiff argues that the ALJ based his findings on facts not supported by the record, plaintiff does not explain or put forth any developed argumentation in her three-page brief. She notes that plaintiff "merely cites a series of diagnoses, treatment she underwent, and some subjective complaints" and argues that none of these references constitute per se evidence of disability for they provide no information about the severity of plaintiff's condition or what, if any, limitations plaintiff may have. With respect to physical capacity, the Commissioner points out that the opinions of two state agency, reviewing physicians, Drs. Bell and Schull, were consistent with the ALJ's residual functional capacity ("RFC") finding for light[2] work. The Commissioner points out that although Dr. Bell found plaintiff could perform

---

[2]Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. See 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

medium[3] work, the ALJ gave plaintiff the benefit of the doubt by adopting Dr. Schull's assessment for light work. (Tr. 199, 203, 300, 306). The Commissioner maintains that support for the ALJ's finding for light work can be found in the findings of consultative examiner Dr. Fisher and plaintiff's treating physicians Drs. Berteau, Moots, and Boone. (Tr. 22-23). Specifically, the Commissioner points out that the ALJ cited Dr. Fisher's February 2002 findings that indicated normal strength in all extremities, normal sensation, full range of motion in all extremities except for mild limitation in lumbar range of motion due to recent surgery for removal of a tumor from her spinal cord and a decompressive laminectomy at T12-L1 and L2, and no evidence of carpal tunnel syndrome. (Tr. 19, 174, 191-92). Further, the Commissioner notes that the ALJ cited Dr. Boone's March 2002 post-operative clinical findings that showed normal strength in all extremities and his notation that the patient was "doing well" and cited Dr. Berteau's January 2002 through May 2002 findings that indicate normal strength, gait, good ability to walk in tandem, normal sensory examination, and normal fine motor skills. (Tr. 18-20, 278-83, 290-91). In sum, the Commissioner maintains that the ALJ reasonably found these clinical findings, along with the opinions of the two state agency, reviewing physicians Drs. Bell and Schull, were consistent with a light RFC and that they did not support an RFC assessment of sedentary[4] work by Drs. Boone and Fisher, which was not supported by objective, clinical, or laboratory findings. (Tr. 20, 23).

---

[3]Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. §§ 404.1567(c), 416.967(c).

[4]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. §§ 404.1567(a), 416.967(a).

As for plaintiff's mental capacity, the Commissioner insists that the ALJ found that plaintiff did not have any "severe" mental impairments or conditions that would cause any significant limitations, and like with her physical impairment, no medical source, including plaintiff's treating counselor Ms. Rumage, opined that plaintiff had any disabling mental limitations. Plaintiff cites to the consultative psychological examination performed by Ms. Matthews, who found that plaintiff did not have any work-related mental limitations, but rather, had the mental ability to handle either simple or detailed work. (Tr. 147, 195-96, 346-59). The Commissioner notes that although plaintiff insists that her treating counselor April Rumage "was in a much better position to determine [her] mental condition and its relationship to her ability to work," Ms. Rumage never opined that plaintiff was disabled. (Tr. 147, 346-59). Lastly, the Commissioner contends that although plaintiff asserts that she "has documented manic spells that would prevent her from maintaining any type of employment," the record evidence does not support this claim.

The burden of proof and production is on the claimant at Step 4. Garcia v. Secretary of Health and Human Services, 46 F.3d 552, 559 (6th Cir. 1995). At this step, the ALJ considers whether a claimant's RFC will permit her to perform her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If she can perform her past relevant work, then she is not disabled. Id. The ALJ noted that the Dictionary of Occupational Titles indicates the plaintiff's past relevant work[5] as a waitress is light, semi-skilled work. (Tr. 23).

After careful review of the record, I find that substantial evidence on the record as a whole supports the ALJ's decision. 20 C.F.R. §§ 404.1527, 416.927. With regard to plaintiff's

---

[5]The ALJ also noted that plaintiff's past relevant work as a factory assembler was light to medium work. (Tr. 23).

6

physical impairments, substantial evidence supports the ALJ's RFC finding for light work. The opinions of state agency, reviewing physicians Drs. Bell and Schull support the ALJ's conclusion that plaintiff could perform <u>at least</u> light work. (Tr. 199, 300) 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation."). Dr. Schull found that plaintiff retained the RFC for light work, whereas Dr. Bell determined that plaintiff could perform even medium work. Moreover, Dr. Boone and Dr. Berteau, treating physicians, found plaintiff to have normal strength in her extremities, and consultative examiner Dr. Fisher found plaintiff had a full range of motion in all her extremities, except for mild limitation in her lumbar range of motion due to recent surgery to remove a tumor from her spinal cord. 20 C.F.R. §§ 404.1527(d), 416.927(d) (weight given a physician's opinion depends upon the extent to which it is supported by objective medical signs and laboratory findings and is consistent with the record as a whole). However, I note that Dr. Fisher's evaluation was done less than one month after plaintiff's back surgery, which may account for his lifting restriction, and that he qualified his lifting restriction to 10 to 15 pounds repetitively <u>presently</u>, which also indicates he was cognizant of plaintiff's recent surgery. (Tr. 172-77, 191-92). Moreover, Dr. Fisher noted that "if there are no neurological deficits and she has held up, she should be able to do jobs which require bending and lifting in the <u>near</u> future." (Tr. 191) (emphasis added). Although the medical assessment of Dr. Boone restricted plaintiff to less than light work (Tr. 285-87) and Dr. Fisher restricted plaintiff to lifting 10 to 15 pounds repetitively presently, the record as a whole supports the

7

ALJ's RFC finding of light work.  Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 230-31 (6th Cir. 1990); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (ALJ may reject unsupported opinions and resolve conflicts in the evidence); see Crowe v. Harris, 489 F. Supp. 683, 689 (E.D. Tenn. 1980) (within province of Commissioner to determine that medical evidence is more consistent with the diagnosis of one physician over another).

With respect to plaintiff's mental impairment, I note that a diagnosis of bipolar disorder is not enough to establish a disabling mental impairment, Young v. Secretary of Health and Human Services, 925 F.2d 146, 151 (6th Cir. 1990), for plaintiff bears the burden of proving the severity and functional impact of a medically diagnosed mental impairment. See Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988) (a claimant diagnosed with dysthymic disorder must nevertheless establish that the condition was disabling).  Consultative psychological examiner Ms. Matthews agreed with Ms. Rumage's diagnosis of bipolar disorder, but opined that plaintiff did not have any significant limitations because of it.  (Tr. 195-96).   In fact, Ms. Matthews stated that "[i]f the claimant could receive appropriate treatment for her bipolar disorder, it is possible that she might function at a higher level."  (Tr. 196).  Although Ms. Rumage was plaintiff's counselor, she did not opine that plaintiff was disabled by her bipolar disorder.  (Tr. 147-71, 345-59, 362-63).   Furthermore, the ALJ found that plaintiff's bipolar disorder results in only mild limitations of her activities of daily living, social functioning and concentration, persistence, and pace.  (Tr. 21).  Lastly, although plaintiff maintains that she "has documented manic spells that prevent her from maintaining any type of employment," she does not offer any developed argumentation on this claim, and it is, therefore, waived.  McPherson v. Kelsey, 125

F.3d 989, 995-96 (6th Cir. 1997). In sum, I agree with the ALJ's statement that "[t]he claimant's description of her limitations exceeds medical substantiation, is not consistent with other evidence and is not credible." (Tr. 22).

In light of the foregoing, it is hereby **RECOMMENDED**[6] that the plaintiff's judgment on the administrative record [Doc. 15] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 18] be **GRANTED**.

Respectfully submitted,

s/H. Bruce Guyton
United States Magistrate Judge

---

[6] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).